MAURICE B. GLUCK, APPELLANT, v. SERGIO RUIZ-URRU-
TIA ET AL., PARTNERS, DOING BUSINESS UNDER THE
FIRM NAME OF RUIZ-URRUTIA COMPANY, BUILDERS;
RYNDA DEVELOPMENT COMPANY. A NEW JERSEY
CORPORATION, AND AMELIA R. GLUCK, OWNER, RE-
SPONDENTS.

Submitted March 25, 1925—Decided May 18, 1925.

On appeal from the Essex County Circuit Court.

This was a suit on a mechanics' lien claim in the Essex
Circuit Court. Motion was made before Judge Dungan,
to discharge the mechanics' lien and dismiss the complaint
upon the ground that the plaintiff lienor had allowed more
than a year to elapse without diligently prosecuting his lien
to judgment. After hearing, Judge Dungan ordered the
mechanics' lien discharged against the defendant Rynda De-
velopment Company, with costs. The following is a copy of
his decision:

"This suit was commenced on the 15th day of March, 1923,
when the summons was served upon the defendant Rynda
Development Company, no other defendant being served with
summons. The answer of Rynda Development Company was
filed April 4th, 1923. Since that time nothing further has
been done in the action. It does not appear that any effort
has been made to serve any of the other defendants, and
although three terms of court have since passed, no notice of
trial has been given for any of those terms, and no good and
sufficient reason is given for failure to give such notice.

"Judge White, speaking for the Court of Errors and
Appeals, in the case of *Buchanon & Smock Lumber Co. v.
Dougherty*, 88 *N. J. L.* 356, says: 'The clause in the Me-
chanics' Lien act, fixing the one-year period, contemplates
the reduction of the lien to judgment within that time if
diligent prosecution will accomplish that result. Until prose-
cuted to judgment the lien is *ex parte* and arbitrary, and, in

view of this extraordinary feature and of the disadvantage under which the owner naturally labors in defending against a stale, unjust claim, founded upon a contract, to the terms of which he is usually an entire stranger, the one-year limitation prescribed by the act should be strictly enforced unless the claimant is able to set up a most excellent demonstration that it was not only not because of any fault of his, but in spite of the exercise of at least ordinary diligence on his part that he failed in that time to reduce his *ex parte* lien to the litigated lien embodied in the judgment. The burden is on the claimant to excuse his failure to get a judgment within the year. If he allows the year to pass without judgment, and without a court extension of time order procured within the year, he does so at his peril.'

"Since April 4th, 1923, the plaintiff has done nothing, nor has there been applied for or procured an order extending the time under the statute.

"The court, therefore, decides that the lien claim has not been diligently prosecuted within a year, and should be dismissed as to the defendant Rynda Development Company, particularly so in view of the fact that in the affidavit of the plaintiff, submitted on this motion, he states that 'the defendant Rynda Development Company did not build or construct the said building, had no title, interest or ownership therein.' If that be true, why should the Rynda Development Company be further continued as a defendant in a suit upon mechanics' lien against a building and lands in which it has no 'title, interest or ownership.' "

For the appellant, *Maurice B. Gluck, pro se.*

For the respondent Rynda Development Company, *Jacob Hauptman.*

PER CURIAM.

The order under review herein should be affirmed, for the reasons expressed by Judge Dungan in the Circuit Court.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ.   16.

*For reversal*—None.